LOUIS DE FELICE, PLAINTIFF-APPELLANT, v. LORRAINE N. PEACE AND HER HUSBAND, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 19, 1951—Decided April 25, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Wilbur J. Bernard* argued the cause for the appellant.

*Mr. Frank Fink* argued the cause for the respondents (*Mr. Anton A. Vit, Jr.*, attorney).

The opinion of the court was delivered by

BIGELOW, J. A. D. The plaintiff, who was the purchaser named in a contract for the sale of real estate, sued for the return of the deposit and for the cost of the title search and the survey.

The land involved is described in the contract as lot No. 9 on a certain map of property at Portaupeck in the Borough of Oceanport. The lot is 50 feet wide and extends from Monmouth Avenue north 250 feet or so, to the Shrewsbury River. The owner of the land abutting on the east has a portable garage that encroached on lot No. 9 about one inch. At the river end of the lot which plaintiff agreed to buy, is a small dock or platform, ten feet square, on posts driven into the sand. The dock, or platform, extended four feet outside of the western boundary line of lot No. 9.

The contract between the parties contains this provision:

"It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefore; and that there are no encroachments thereon."

The dwelling house and the garage on the premises in question are well within the property lines. But the survey disclosed the position of the neighbor's garage and of the dock as we have described them. Allegedly for this reason plaintiff decided not to take the property and he so advised defendants a few days before the day mentioned in the contract for the passage of title. He did so although he was aware that defendants had begun to take the dock apart in order to reassemble it where it would no longer extend west of the property line. Moreover, the defendants completed

the restoration of the dock in its new location before the day set for passage of title and also they persuaded the adjoining landowner to move his garage so that it would no longer encroach on lot No. 9.

The plaintiff based his action on the alleged breach of the contract provision above quoted. Judgment was awarded to the defendants.

 The question whether there was a breach of the covenant depends upon the condition existing when the day for delivery of the deed arrived. *Schultz v. Pollock,* 102 *N. J. Eq.* 157 (*Ch.* 1928), affirmed 104 *N. J. Eq.* 205 (*E. & A.* 1929); *Jersey Estates Corp. v. Weintraub,* 140 *N. J. Eq.* 216 (*Ch.* 1947); *Dixon v. Ober,* 141 *N. J. Eq.* 289 (*Ch.* 1948). And see 55 *Am. Jur.* 709, *Vendor & Purchaser,* § 256. The plaintiff had no right to rescind in advance because of conditions that could be and were indeed rectified before the coming of the day fixed for passage of title. No breach by the defendants was proved and therefore the judgment was correct.

If the Shrewsbury is a navigable river, as we understand it is, then title to land below the high water mark is probably in the State, *Moore v. Ventnor Gardens,* 105 *N. J. Eq.* 730 (*Ch.* 1930), affirmed 109 *N. J. Eq.* 132 (*E. & A.* 1931), and the dock which in most part is over the water, still extends beyond the bounds of the lot. But the plaintiff did not object on this score, for he did not desire the dock on dry land. We do not pass on the question whether the dock, a mere platform ten feet square, is a "building" within the intention of the parties expressed in the contract. We would also remark that moving a building, or cutting off that part which extends over the line, would not correct the situation, if thereby the property were made less desirable. But nothing of that sort was shown in the instant case.

Judgment affirmed with costs.